## WALKER *versus* TAYLOR.

Where a garnishee is summoned pursuant to law, to appear and answer as to his indebtedness to another, and it appears from the authority indorsed on the process that the summons was served by a deputv specially authorised by the sheriff to make that service; the counsel for the debtor—not being counsel for the garnishee—cannot have the summons dismissed, on the ground that the authority to the deputy to serve it was in fact given not by the sheriff, but by a deputy; this not appearing on the face of the papers— and the garnishee not having appeared or pleaded.

In error from Madison Circuit Court.

Walker recovered of Drumgoole a judgment for three hundred and twenty four dollars and thirty four cents in the Madison County Court. At a subsequent term, Taylor, who was alleged to owe Drumgoole three hundred dollars, was summoned as garnishee. The summons had a deputation indorsed on it in the name of the sheriff, appointing one Bullington to execute and return it. It was so executed and returned. At the subssquent term Taylor, though present, refused to state as to his indebtedness to Drumgoole. Application was made for judgment *ni si* against him; but the counsel for Drumgoole resisted the application, and without stating whether they represented Drumgoole or Taylor, moved to dismiss the summons, on the ground, that the authority given to Bullington to execute it was in fact given not by the sheriff, but by a deputy. The record also set out this fact as appearing to the Court; and the summons was on that ground dismissed. An appeal was taken to the Circuit Court, where the judgment of the County Court was affirmed; from which judgment the case was brought into this Court by appeal.

*Craighead*, for plaintiff.—The first ground of error is the motion to quash, because not served by the sheriff, and second, no return of *nulla bona*. In this case the sheriff appeared and declared, that he sanctioned the act of his deputy, but the Court suffered the debtor to oppose the garnishment. I contend,

1st. That the summons directed to the sheriff was regular.

2d. That the service by an individual was legal.

3d. That the appearance waived all error.

4th. That the debtor could not object.

As to the first point, see *Alabama Rep.* 14. In this case the deputy sheriff had returned the precept signed D. S. and the Court said that the return was illegal, because his authority did not appear. But if the Court has evidence of the authority of the deputy, it is sufficient. The reason of this decision was, that the Court could not tell who he was. The case we have under consideration shows his authority in writing, which makes a material difference. It is said that the return, or service should be in the name of the high sheriff; this is mere matter of form. The sheriff himself shows by his endorsement the character of the individual who served the process.

The deputy sheriff acted in the most legal and correct way he could act—see 1 *Lord Raymond*, 660, 661, 662. Here he returns it in the name of the high sheriff. This case shows that when there is but one authority to do an act, that it will be considered as one, under that authority—5 *Johns.* 137.

Our act does not require that service should be made by the sheriff alone. This is different from a writ. There, final judgment in the first instance goes on failure to appear; but here a judgment *ni. si.*

only goes, and the plaintiff takes his judgment *ni. si.* at his peril. No injury can arise on no service—the plaintiff would pay the costs; hence the distinction made by the statute, which requires service in the one case and not in the other—*Dig.* 314.

As to the summons it may be directed to any one; the statute does not restrict it to the sheriff. *Toul. Dig.* 316, *Acts of* 1823 *page* 20, 9 *Mass. Rep.* 532.

*Brandon, contra.*—The errors assigned in the Circuit Court are the only ones under consideration. It has been decided in New York, that a deputy may make a special deputy, but I am disposed to question the correctness of the decision. It has never been so decided here, and the rule is not a good one, as it is liable to great abuses. There must be a peculiarity in the laws of New York. The law here refers to the acts of no one but the sheriff and those of his deputy. It will not do as a general rule to say that a sheriff may come in and recognise the act of a special deputy.

The case in *Minor's Reports, page* 14, is decisive for us as to one point. The process is directed to the sheriff and must it not be served by the person to whom it is directed? It is the writ and leading process and ground of the action, and he must appear and plead. The statute implies that it must be served by the sheriff, for it refers to another statute, the statute of attachments, which expressly requires the sheriff to attach in the presence of witnesses—*Digest page* 12, *sec.* 4. This law is referred to, and made the law in this case, and requires the summons to be in writing—2 *Caines*, 61.

The debtor has a right to appear, for he is inter-

ested, and the case in 9 *Mass.*, does not apply. There is no law in this country which refuses to the debtor the right to appear and defend. Then he has a right to litigate. Will not the rules of the Common Law allow a party always to defend a right? The garnishee has no interest, whether he pays to one or another, but now he comes to show that the plaintiff has no right to take his money.

SAFFOLD, J.—The plaintiff in error having recovered of Morgan and Drumgoole a judgment for three hundred and twenty four dollars and thirty four cents in the County Court of Madison, at February term 1827 ; in January 1828, he, the said Walker, made affidavit before the Clerk of said Court, that neither of the defendants to said judgment had property, or effects subject to execution, and wherewith to satisfy the judgment so far as he had knowledge or information, except what Taylor, the defendant in error might owe Drumgoole ; and that he had been informed, and believed, Taylor was so indebted in the sum of three hundred dollars, wherefore he prayed a summons pursuant to the statute, to compel Taylor to appear and answer as garnishee at the next term thereafter. The summons having issued in the usual form, a deputation appeared upon it in the name of J. P. Neal sheriff, constituting and appointing W. H. Bullington his lawful deputy, to execute and return the same. On the summons, the following return appeared, " I do certify that I have executed the within writ, 23d January 1828, W. H. Bullington." At the succeeding term of said Court, February 1828, Taylor the garnishee being present in Court, was called on by the plaintiff's counsel to make a declara-

tion of his indebtedness according to law, which he declined doing, whereupon said counsel moved for judgment *ni. si.* against him. On which occasion, as the record states, the attorneys of Drumgoole without stating whether they represented Drumgoole or Taylor, offered resistance against the motion for judgment *ni. si.* by objecting to the declaration being made by the garnishee, and asked and obtained leave to move to dismiss the summons. And as the record also states, "it appearing to the Court that the deputation of Wm. H. Bullington made on the summons in the name of J. P. Neal, sheriff of the county, was in fact made by John M. Bowyer his deputy, who had a general power from said sheriff to make, in his name, such deputations, though no special power in the present instance, but that said sheriff did on the first day of the term recognise and approve the said deputation as his act;" and the Court being of opinion that the summons had not been legally served on the garnishee, the same was dismissed at the plaintiff's cost.

This judgment having been removed to the Circuit Court for revision by writ of error, the same was there affirmed—from which judgment of affirmance the plaintiff Walker prayed and obtained an appeal to this Court, and here insists, that the Circuit Court erred in not sustaining the assignments made on the record and proceedings had in the County Court, viz.

1. In refusing to examine the garnishee, Taylor, when he appeared in Court, in obedience to the summons.

2. In suffering the debtor, Drumgoole, to resist the judgment.

3. In refusing judgment *ni. si.* against the defendant.

The principal ground of objection is to the plaintiff's proceedings in the County Court, that on which the summons of garnishment was dismissed in the County Court, and on which the judgment was affirmed in the Circuit Court, was the supposed insufficiency of the service of the summons. The opinion of the County Court having sustained the objection, the consequence was a refusal by the Court to examine the garnishee, or to render judgment *ni. si.* against him. This opinion of the Court was elicited by the motion of the counsel of Drumgoole, one of the original defendants, without professing to be the counsel of the garnishee. Hence it appears, that all the assignments of error depend on the validity of the exception to the service as stated. The argument of the counsel in this Court, was directed mainly to an investigation of the question, whether a deputy sheriff has power to constitute a deputy, or make any sub-appointment for the execution of a particular process. On this question and on the authorities submitted, the Court is so far divided as to find some difficulty in arriving at a satisfactory conclusion; but we conceive the question not necessarily involved in the case. A deputation having been written on the summons, which purported authority in the name of J. P. Neal sheriff, to Bullington as his lawful deputy, to execute the particular process; in examining the sufficiency of the service, the attention is necessarily directed to the appointment, as well as the return—the latter may properly be viewed with reference to the former; and though Bullington has not signed his return expressly, as either general or special deputy, or annexed to his signature the name of Neal the sheriff, which on ordinary occasions is

indispensably necessary, the omission to do so under the circumstances of this case leaves no doubt, or uncertainty as to the capacity in which he acted. The return and appointment, viewed in connection as they should be, shew expressly in what character the deputy acted—that he executed the process as the deputy of Neal, the sheriff.

But this is not specifically the point mainly relied on : it is that Bullington had not been appointed by the sheriff personally, but in fact by Bowyer, who was himself a deputy, under a general power to make deputations in his name. It is true, the record states that this latter fact appeared to the County Court ; but in what way is not shewn—Taylor, the garnishee, had made no appearance, and of course had filed no plea either in abatement or otherwise. If the Court would sustain the motion of counsel, virtually, as *amicus curiæ*, it must be for some defect apparent on the face of the proceedings, which was not the situation of this case; nor was the Court authorised to take any notice of the *extrinsic* fact, unless advantage had been claimed of it, by plea, for and in behalf of the garnishee.

The affidavit of the plaintiff as granted by the clerk in vacation, and the summons of garnishment, returnable to the succeeding term, are believed to be fully authorised and sustained by the statute of 1823, '24, cited in the brief.

We are therefore of opinion, that the judgment of the Circuit Court must be reversed, and the cause remanded, to the County Court, for further proceedings.

WHITE, J. not sitting.